SAMUEL, Judge.
On July 15, 1959 Michael (S) Chiantella sold to Mississippi Mud, Inc., certain immovable property, located in the Parish of Jefferson and comprising batture on the bank of the Mississippi River, for a total consideration of $70,000.00. The purchaser paid $19,416.08 of this amount in cash and assumed payment of a balance of $19,583.-92 due on a first mortgage note in the original amount of $25,000.00 and the payment of a balance of $11,000.00 due on a second mortgage note in the original amount of $18,000.00. For the remainder of the price, $20,000.00, the purchaser endorsed and transferred to the vendor a $20,000.00 promissory note drawn to the order of Mississippi Mud by a third party and granted a mortgage and vendor’s lien on the property to secure the payment thereof.
*280 During the year 1963 Mississippi Mud entered into a lease and option with Gulf States Enterprises by which the latter leased the property for a two year period at a total yearly rental of $7,500.00 and was granted an option giving it the right to purchase the property during that period for a consideration of $92,000.00 subject to a maximum credit of $5,000.00 paid as rent during the year the option is exercised.
Mississippi Mud failed to make timely payment of some installments due on the mortgage notes assumed by it and no payments have ever been made on the $20,000.-00 note it had endorsed to the vendor. On February 19, 1963 suit for executory process, via executiva, was brought by the holder of the first mortgage note and on April 5, 1963 such a suit was also instituted by the holder of the second mortgage note. Neither foreclosure has been brought to a conclusion, the first being stopped on April 8, 1963 by the petitioner therein after only one publication of the advertisement of sale and the second being stopped, also by the petitioner therein, on the date the sale under foreclosure was scheduled to take place, June 14, 1963. Both suits were pending but dormant, and there was a balance of approximately $4,500.00 remaining due on each of the two mortgage notes involved, at the time of the hearing on the rule. Subsequent to that hearing the suit based on the first mortgage note was dismissed without prejudice. The suit on the second mortgage note remains dormant.
On March 19, 1963 Chiantella filed this suit, an ordinary proceeding, seeking to rescind the sale for non-payment of the purchase price. Several months thereafter he converted the proceeding to one of summary process and a rule nisi issued directing Mississippi Mud to show cause why the sale should not be summarily dissolved under the provisions of LSA-C.C. Art. 2562 because the plaintiff was in danger of losing both the price and the thing itself.
After a hearing on the rule judgment was rendered on September 18, ,1963 dissolving the sale but suspending such dissolution provided Mississippi Mud paid the sale consideration within 20 days of any reactivation of the foreclosure proceedings or within six months from the date of the judgment. Chiantella then applied to this court for writs of prohibition, mandamus and certiorari. We granted the application.
LSA-Civil Code Article 2562 reads:
“The dissolution of the sale of im-movables is summarily awarded, when there is danger that the seller may lose the price and the thing itself.
“If that danger does not exist, the judge may grant to the buyer a longer or shorter time, according to circumstances, provided such term exceed not six months.
“This term being expired without the buyer’s yet having paid, the judge shall cancel the sale.” LSA-C.C. Art. 2562.
We consider it important to note that such a judgment may seriously affect the rights of third persons who have acquired an interest in the immovable property subsequent to the date of the sale sought to be dissolved. The relief of summary dissolution is quite different from, and much more harsh than, a recision for non-payment of the purchase price under pertinent codal articles other than Article 2562.
Petitioner contends that under the quoted article the judge has discretion to grant additional time only if there is no danger of the seller losing the price and the thing itself; once the seller is in such danger the judge has no discretion, cannot give additional time and must dissolve summarily. He argues that there is such danger in the instant case and that, therefore, he is entitled to a judgment summarily dissolving the sale. The immediate question presented is whether or not Chiantella, the seller, is in “danger”, within the meaning *281 and contemplation of that word as used in the first paragraph in the quoted article (such danger as to require a summary dissolution), of losing both the price and the thing itself. “Danger”, of course, is a relative term and refers to something more than a mere possibility of losing. We believe the question must be answered in the negative and direct our attention to the danger of loss of the price.
 The ability of the purchaser to make payment is an element which must be considered in determining whether or not there is danger of losing the price. This is a consideration additional to any question involving the property itself as security. In view of the fact that the record is devoid of any proof or suggestion of insolvency on the part of Mississippi Mud and, beyond the bare facts recited above, contains no evidence relative to that corporation’s present financial condition, it is quite possible, and the record contains testimony to the effect, that the balances due on the first two mortgage notes can and will be paid by Mississippi Mud and that such payment would have been made prior to the present time were it not for this suit.
In addition to the fact that the rental of $15,000.00 for a two year period is m itself more than sufficient to cover the total balance of approximately $9,000.00 due on the first and second mortgage notes (either as cash received or as the means of securing a loan), on the basis of all of the evidence before us it would seem that the value of the property is more than sufficient to protect the petitioner from loss of the price.
The property was purchased by Chiantel-la on December 31, 1957 for $35,000.00 and it was in connection with this sale that he granted the first mortgage for $25,000.00. On January 27, 1959 Chiantella was able to, and did, mortgage the property to secure a loan of $18,000.00 despite the fact that a part of the first mortgage indebtedness, in excess of $19,000.00, was still due. On July 15, 1959 Chiantella sold the property to Mississippi Mud for a total consideration of $70,000.00. During 1963 Mississippi Mud entered into the two year lease and option for a yearly rental of $7,500.00 with the option purchase price set at $92,-000.00 subject to a maximum credit of $5,-000.00. From the record, then, we must conclude that this is a valuable piece of property and one whose value has materially increased over a period of only a few years. We believe that the actual value of the property is considerably more than the balance due on the three mortgage notes and that it is likely the property would bring more than enough to pay said notes at a sale, even at a sale under foreclosure.
Under all of the facts and circumstances, including the status of the two executory proceedings, we conclude that danger of losing the price and the thing itself, as contemplated by the first paragraph of LSA-Civil Code Article 2562, is not present in the instant case. Such danger being absent, the trial judge had the authority and the discretion to grant a delay as provided in the second paragraph of the article and the delay actually granted by him affords the petitioner full protection.
We are aware of the fact that the judgment simply should have granted a delay under penalty of cancellation if the required payment was not made within the time allowed. But the applicant for writs seeks only a summary dissolution without the suspension and delay. We hold he is not entitled to that relief. And the respondent seeks no change in the judgment; it is willing to meet the obligation of payment within the delay granted by the trial court. Accordingly, we are not called upon to change the form of the judgment.
For the reasons assigned, the writs of prohibition, mandamus and certiorari issued in this case are recalled and vacated and the proceedings in this court are dismissed at relator’s cost.
Writs recalled and proceedings dismissed.