SAMUEL, Judge.
This is a subsequent proceeding in the same suit reported in 157 So.2d 279. For a better understanding of the issues involved it is necessary that we repeat some of the facts set out in our prior opinion.
Plaintiff sold to the defendant certain immovable property, located in the Parish of Jefferson and comprising batture on the bank of the Mississippi River, for a total consideration of $70,000. The purchaser paid $19,416.08 of this amount in cash and assumed payment of the balance of $19,583.92 due on a first mortgage note in the original amount of $25,000 and the payment of a balance of $11,000 due on a second mortgage note in the original amount of $18,000. For the remainder of the price, $20,000, defendant endorsed and transferred to the plaintiff a $20,000 promissory note drawn to the order of Mississippi Mud, Inc. by a third party, Crescent Sand and Dredging, Inc., and granted a mortgage and vendor’s lien on the property to secure the payment thereof.
Mississippi Mud failed to make timely payment of some installments due on the mortgage notes assumed by it and made no payment at all on the $20,000 note it had endorsed to the vendor. Foreclosure proceedings on the notes secured by the first two mortgages were instituted by the holders thereof. Plaintiff then filed this suit, an ordinary proceeding, seeking dissolution of the sale for non-payment of the purchase price. Several months thereafter he converted the proceeding to one of summary process in connection with which a rule nisi was issued directing Mississippi Mud to show cause why the sale should not be summarily dissolved under the provisions of LSA-Civil Code Article 2562 on the grounds that the plaintiff was in danger of losing both the price and the thing itself. At that time both foreclosure suits were pending but dormant.
After a hearing on the rule, judgment was rendered dissolving the sale but suspending such dissolution provided Mississippi Mud paid tire sale consideration-within 20 days of any reactivation of the foreclosure proceedings or within six months from the date of the judgment. Chiantella then applied to this court for writs of prohibition, mandamus and cer-tiorari. The application was granted and in our opinion and decree which appears in 157 So.2d 279 we recalled and vacated the writs and dismissed the proceedings in this court. An application to the Supreme Court for a writ of review was refused by that court, 245 La. 570, 159 So.2d 285.
*899 Thereafter the matter again came for hearing in the trial court on various defendant motions and on plaintiff’s petition for possession of the property. At that time the defendant had paid the balances due on the first and second mortgage notes and had effected the cancellation of those mortgage recordations but had paid nothing on the $20,000 promissory note it had transferred to the plaintiff. The only payment made on that note was the sum of $5,000 on principal and interest as hereinafter set forth and the note had been seized by one of plaintiff’s creditors.
The aforesaid $20,000 note was dated July 1, 1959. It was payable to the order of the defendant on or before one year after its date with interest at the rate of six (6%) per cent per annum from date until paid. Two endorsements appear thereon, both in blank. The primary endorser was James J. Culotta, president and sole stockholder of the maker, Crescent Sand and Dredging. The second endorser was the defendant. By a notarial act of extension and settlement dated July 1, 1960 in which plaintiff, his son, Culotta, and four of plaintiff’s creditors (including the creditor who had seized the note) appeared, in consideration of a payment of $5,000 on the note made by Culotta and of certain releases of batture property granted by the creditors, the time of payment of the balance due on the note was extended one year to July 1, 1961. The $5,000 payment was received and retained by plaintiff and his son and was credited first to accrued interest in the amount of $1,200 and next to principal in the amount of $3,800 thus reducing the balance due on the note from $20,000 to $16,200. The note was conveyed and transferred to the creditors, in pledge, to secure the payment of five promissory notes made and subscribed by Culotta and endorsed in blank by plaintiff and his son. The Culotta notes are in the same total amount as the balance due on the pledged note, $16,200, and the notarial act provides that upon payment of the five individual notes all of said notes and the pledged note shall be cancelled and returned to Culotta. Defendant was not a party to the notarial act of extension and settlement and did not assent to the extension of time. It was stipulated by counsel for both litigants that the $20,000 note has not been paid in full and is owned by plaintiff. The notarial act contains various other stipulations which are not material here. Of importance in the trial court judgment is the extension of time and certain wording in that act which may or may not reserve a right of recourse against the defendant as an endorser of the $20,000 note.
The trial court found that the defendant had made timely payment of the balances due on the first two mortgage notes as required under its summary judgment and that, under LSA-R.S. 7:120(6), which is Sec. 120(6) of the N.I.L., the defendant had been released from liability on the $20,000 note as a result of the granting of the extension of time in the absence of defendant’s assent to such extension and in the absence of a reservation of a right of recourse against the defendant. In his written reasons for judgment the trial judge also stated that the $20,000 note had not been seriously considered during the proceedings for summary judgment, the court being mainly concerned with the first and second mortgage notes upon which ex-ecutory process had been filed. He was of the opinion the $20,000 note had not been given or received as conditional payment of, or as evidencing, the $20,000 balance of the purchase price but had been given and received in lieu of such amount.
The judgment released the defendant from liability on the $20,000 note, ordered erased and cancelled a recordation of lis pendens filed by the plaintiff in connection with this suit, vested title to the property in the defendant and its successors in title and dismissed plaintiff’s suit and a re-conventional demand filed by the defendant. Plaintiff has appealed therefrom.
*900 We are in agreement with the trial court conclusion as to timely payment of the first and second mortgage notes. The indebtedness represented by those notes has been extinguished and is no longer a factor in this case; the $20,000 portion of the consideration in the sale plaintiff seeks to dissolve presents the only remaining question. Without suggesting that the same could have been successfully pleaded, we note in passing that want of tender is not an issue in this case. Want of tender must be specially pleaded and no such plea has been made in the trial court or in this court. See Ware v. Berlin, 43 La.Ann. 534, 9 So. 490; Greater New Orleans Homestead Ass’n v. Harvey, La.App., 158 So. 852. However, we are of the opinion that the release of the defendant from any liability involving the $20,000 consideration and the complete dismissal of plaintiff’s suit, together with those portions of the decree which flow from such a dismissal, are erroneous.
Under our Civil Code the action to dissolve a sale for non-payment of the purchase price is an independent, substantive remedy. In the event of non-payment the seller may exercise either of two rights: he may seek to enforce payment of the purchase price or he may seek a dissolution of the sale and a return of the property by taking advantage of the resolutory condition (here non-payment of the purchase price) implied in all commutative contracts. In the event of dissolution a restitutio in integrum, i. e., a complete restoration “placing matters in the same state as though the obligation had not existed”, must be accomplished. For many years our established jurisprudence has been to the effect that the right to enforce the dissolving condition is not accessory to but independent of the right to enforce payment of the purchase price or to enforce a mortgage or vendor’s lien securing such payment. LSA-C.C. Arts. 2045, 2046, 2047, 2130 and 2562; Johnson v. Bloodworth, 12 La.Ann. 699; Swan v. Gayle, 24 La.Ann. 498; Gonsoulin v. John I. Adams & Co., 28 La.Ann. 598; Stevenson v. Brown, 32 La.Ann. 461; Heirs of Allen Castle v. Floyd, 38 La.Ann. 583; McKenzie v. Bacon, 41 La.Ann. 6, 5 So. 640; Ragsdale v. Ragsdale, 105 La. 405, 29 So. 906; Bankston v. Owl Bayou Cypress Co., 117 La. 1053, 42 So. 500.
Under this principle the seller retains his right to enforce the resolutory condition of non-payment despite an ex-tinguishment of the purchaser’s obligation to pay a note given for the unpaid purchase price. Where such a note was extinguished by the prescription of five years an action to dissolve the sale for non-payment could still be brought within the ten year prescriptive period applicable to an action to enforce the resolutory condition. School Directors v. Anderson, 28 La.Ann. 739; Templeman v. Pegues, 24 La.Ann. 537.
We believe the rule to the effect that the right of dissolution was not an accessory of the credit representing the price, which rule forms the basis of the above cited jurisprudence relative to the issue here involved, was changed in 1924. Prior to that time LSA-Civil Code Article 2561 read as follows: “If the buyer does not pay the price the seller may sue for the dissolution of the sale.” Article 2561 was amended and re-enacted by Act 108 of 1924 to add the following: "This right of dissolution shall he an accessory of the credit representing the price, and if it be held by more than one person all must join in the demand for dissolution; but if any refuse, the others by paying the amount due the parties who refuse shall become sub-rogated to their rights.” (Emphasis ours). The article remains unchanged since 1924. It seems to us that the 1924 act quite clearly changed the rule we are discussing. As clearly as it is possible to do so, the amendment states the right to dissolve is an accessory to the unpaid purchase price.
However, we are not at liberty to decide the question. It was decided by the Su *901 preme Court in 1944 in Louis Werner Saw Mill Co. v. White, 205 La. 242, 17 So.2d 264, and we are required to follow the direct holding of that case. Werner held that, despite Act 108 of 1924, a seller retains the right to dissolve the sale for nonpayment of the purchase price even though the obligation to pay the note given for that price was extinguished by prescription. Insofar as the problem involved in the instant case is concerned, there is no difference in effect, and there can be no legal difference or distinction from the Werner holding, between the extinguishment of an obligation by reason of prescription (LSA-Civil Code Art. 2130), as in Werner, and the extinguishment of a similar obligation as a result of the release of the obligor as an endorser, which may be the case here. And plaintiff is the owner of the $20,000 note which is held by its creditors in pledge to secure other notes on which it is an endorser; it has not transferred the note for a valuable consideration to a third party without endorsement and without recourse or warranty as was the case in People’s Bank v. Cage, 40 La.Ann. 138, 3 So. 721.
Except for the pertinent wording of the act of sale herein sought to be dissolved, the record contains no evidence whatsoever relative to the manner in which the $20,000 note was given and received or to the effect thereof. The act recites: “And for the balance of said purchase price, to-wit: the sum of TWENTY THOUSAND AND NO/100 ($20,000.00) DOLLARS, the purchaser does hereby endorse, transfer, and assign to the vendor one certain promissory note for the sum of TWENTY THOUSAND AND NO/100 ($20,000.00) DOLLARS, dated July 1, 1959, * * The wording of the act immediately following the above describes the note in further detail. This is similar to the usual credit sale wherein it is recited that for the balance of the purchase price the purchaser has furnished a certain described promissory note, the only difference between the two being the fact that in the usual credit sale the purchaser is the maker of the note he furnishes whereas in the instant case the maker of the $20,000 note was a third party. As there is no evidence even indicating that plaintiff accepted the $20,000 note in any other manner than that in which he would have accepted a note made by the defendant, we must hold that the resolutory, dissolving condition of nonpayment implied by law in a credit sale is present in the sale herein sought to be dissolved.
Plaintiff seeks only a dissolution of the sale; he has not sued on the note and there is no demand or prayer seeking to enforce payment of the balance of the purchase price. We are therefore of the opinion that the present action to dissolve is well founded and that insofar as this action is concerned defendant still owes plaintiff the sum of $16,200. Under the holding in Louis Werner Saw Mill Co. v. White, supra, the fact that the defendant may have been released as an endorser on the $20,000 note representing a part of the purchase price is immaterial.
We are also of the opinion that this is a proper case for the application of LSA-Civil Code Articles 2047 and 2562 which, in part, give the court authority, according to circumstances, to grant to the purchaser additional time in which to make payment. We are aware of that portion of Article 2562 which limits the additional time given to the buyer to a term not exceeding six' months and of the fact that a six month delay to pay the consideration has already been given by the trial court. But here there was a serious doubt as to whether the defendant actually owed that part of the consideration represented by the balance of $16,200 due on the $20,000 note. This is fully shown by the fact that the judge himself was of the opinion the defendant was under no obligation to pay that balance. The defendant’s position was and is that it had paid the full amount of consideration it *902 was obligated to pay but that it would pay such balance as the court found was still due. Certainly the defendant is entitled to a judicial determination of the question before being required to make payment. And until such a determination is made defendant, in effect and in fact, has received no additional time in which to pay the balance found due herein. Under these and all of the other facts involved we feel it equitable and proper to grant defendant additional time to make payment. Such payment, of course, need only be made upon the return of the $20,000 note to the defendant.
For the reasons assigned, the judgment appealed from is avoided and set aside and it is now ordered that the defendant be granted fifteen days from the date on which this judgment becomes final and executory to pay to plaintiff the full sum of $16,200, with legal interest thereon from the date of the filing of the original petition for dissolution until paid, upon surrender to the defendant of the aforesaid promissory note made and subscribed by Crescent Sand and Dredging, Inc. on July 1, 1959 for the sum of $20,000, which note provides that it is payable to the order of Mississippi Mud, Inc. on or before one year after its date. It is further ordered that, should the defendant fail to make such payment in full within the time above set forth and upon surrender of said note, the sale involved herein shall stand as dissolved and the parties shall be restored to their former positions by placing matters in the same state as though the said sale had never taken place. It is further ordered that this matter be remanded to the 24th Judicial District Court for the Parish of Jefferson for the purpose of effecting such restoration should the sale stand as dissolved and for such further proceedings as may be necessary herein, all according to law and in conformity with this opinion. Costs of this appeal are to be paid by the defendant; all other costs are to await a final determination.
Set aside and remanded.