JjGUIDRY, Judge.
In this expropriation suit, plaintiff, the State of Louisiana, Department of Transportation and Development (DOTD), appeals a judgment of the trial court awarding defendants $110,042.80 in total damages in connection with the expropriation of 1698.8 square feet (.039 acres) of their property. The award was broken down into the following awards:
*300 1) Land and improvements.$ 5,907.30
2) Cost to cure damages. 68,836.00
3) Severance damages . 35,299.50
Total .$110,042.80
DOTD assigns as error the awarding by the trial court of both cost to cure damages and severance damages.

FACTS

Defendants, all members of the Manuel family, own a 2.773 acre tract of land near the western boundary of the town of Ville Platte. The property has a frontage of 333 feet on U.S. Highway 167/Louisiana Highway 10. On August 4, 1989, DOTD expropriated a small (.039 acre), triangular portion of |2the property, fronting on the highway for roadway improvements. The land expropriated was 17.09 feet wide at its western end and tapered to a point at the eastern end. Located on the 2.773 acre tract were two major ongoing businesses, the Platte Motel and the Jungle Dinner Club and Lounge. It was stipulated at trial that the taking did not affect the Platte Motel. The issue at trial and on appeal is limited to what effect the taking had on the Jungle Dinner Club and Lounge (the Jungle).
Before the expropriation, the closest the existing right of way came to the budding was 18.88 feet. At the time of taking, the entrance to the Jungle was in the front (on the north side). There were 18 to 21 parking spaces across the front of the club and restaurant patrons were protected from the elements, while approaching the entrance, by a roof overhang approximately six feet wide. After the taking the new right of way, at the northwest corner of the building overhang, came to within 1.88 feet. All parking spaces in front of the club were lost. Following the taking, patrons were required to walk as close as two feet and no further than 17 feet (less than a car length) from the new right of way to enter the Jungle.
Three expert appraisers testified at trial: Buller and Cope for the defendants and Kennedy for DOTD. All the experts agreed that the highest and best use for the Jungle after the taking continued to be a restaurant and lounge. All acknowledged that the parking spaces lost in front of the building near its entrance were the “prime” parking places. Finally, the three experts agreed that patrons entering the Jungle after the taking would be inconvenienced because of the proximity of the new roadway.
However, there was disagreement among the experts concerning how the problems created by the expropriation should be cured. Kennedy, DOTD’s expert, proposed replacing the lost parking with spaces to be constructed behind the building. | sRecognizing the new parking would be remote from the entrance, he proposed a covered walk be built from this rear area up to the northeast corner of the building. While this would partially alleviate the situation created by the expropriation, it would not be a complete remedy.
The other two experts, Buller and Cope, were of the opinion that the only way to completely remedy the problems created by the taking was, in addition to replacing the lost parking, to move the Jungle’s entrance to the east side of the building. Each of defendants’ two experts gave different figures as to the cost to cure, i.e., the cost to move the entrance from the north to the east side of the building and rearrangement of the interior to accommodate this change. Further, defendants’ experts also gave different estimates regarding the severance damages occasioned as a result of the proximity of the building to the highway right of way.
On appeal DOTD argues that defendants should not have been awarded both cost to cure and severance damages, but rather should have been limited to an award of severance damages.
The law concerning the compensation due a landowner whose property has been expropriated is well settled:
Under the Louisiana Constitution of 1974, Article I, Section 4 and the Supreme Court case of State of Louisiana, through the Department of Highways v. Constant, 369 So.2d 699 (La.1979), a landowner whose property is expropriated shall be compensated to the full extent of his loss, including any business or economic loss sustained by the property owner.
*301 The burden of proof on the property owner in an expropriation case is to establish his claims by a reasonable preponderance of the evidence; speculation, conjecture, mere possibility and even unsupported probability are not sufficient to support a judgment. State of Louisiana, through the Department of Highways v. Levy, 242 La. 259, 136 So.2d 35 (1961); State of Louisiana, Department of Transportation and Development v. Estate of Clark, 432 So.2d 405 (La.App. 1st Cir.1983).
\ State, Department of Transportation and Development v. Jacobs, 491 So.2d 138 (La. App. 3rd Cir.1986), writ denied, 496 So.2d 331 (La.1986). In this case, we are not concerned with the Manuels’ economic loss as there is no evidence in the record to support a finding of such loss.
COST TO CURE — SEVERANCE DAMAGES
Severance damages are not presumed; they must be proved “with legal certainty by a preponderance of the evidence”. State, Department of Highways v. Denham Springs Development Co., Inc., supra, 307 So.2d [304] at page 307 [ (La.1975) ], and cases cited therein. The most commonly accepted and used approach for determining the amount of severance damage is the before and after method of appraisal. “However, under certain exceptional circumstances the ‘before and after test’ will not adequately compensate the owner for his damage and the courts will resort to the ‘cost to cure’ method of computation, not for the purpose of restoration, but to gauge the diminution in market value as would be reflected in a lower purchase price that a well-informed buyer would be willing to pay”. State, Department of Highways v. Neyrey, 260 So.2d 739 (La. App. 4 Cir.1972), 260 So.2d at pages 744 and 745. (Emphasis added.)
[.'••]
It is well settled that “cost to cure” is a proper measure of severance damages only when it does in fact place the landowner in as good a position as he enjoyed prior to the taking, and is less than the decrease in market value otherwise caused; or where the reduction in market value approach will not adequately compensate the landowner. State, through Department of Highways v. Neyrey, supra; State, Department of Highways v. Salassi, 244 So.2d 871 (La.App. 1 Cir.1971); State, Dept. of Highways v. Wax, supra.[1] (Emphasis ours)
State, Department of Highways v. Alexandria Volkswagen, Inc., 348 So.2d Í76 (La. App. 3rd Cir.1977). In the Alexandria Volkswagen case, we opined that the cost to cure method should only be used if such use will decrease the amount of severance damages which would be due under the before and after rule. |BIn other words, “cost to cure” is a proper measure of severance damages only when it places the landowner in as good a position as he enjoyed prior to the taking and is less than the decrease in market value or where the reduction in market value will not adequately compensate the landowner.
Most recently, in Mathis v. City of DeRidder, 599 So.2d 378 (La.App. 3rd Cir.1992), a panel of this court stated: “However, there are some unusual situations where severance damages are determined by a ‘cost to cure’ approach. In other words, the owner is allowed to recover the cost of correcting or curing the damage done to the remaining property”. (Emphasis ours)
The trial judge relied on the testimony and the report prepared by Charles Buller in making his award. We find no clear error in the trial court’s choosing to accept Buller’s appraisal over those of Cope and Kennedy. However, we do find the trial judge erred in awarding both severance damages (before and after value) and cost to cure damages.
First, the defendants were awarded $5,907.30 for the land and improvements actually taken. They were then awarded $68,-836 to cure the damage caused by the expro *302 priation. It is not clear from the trial judge’s ■ reasons for judgment why he also awarded the $35,299.50 for severance damages. We quote from his reasons:
The Court further agrees with Mr. Buller’s determination that the cost to cure and with his 1) valuation of the property taken, 2) cost to cure, and 3) severance damages.
The Court will make the following award of damages.
Value, okay I am going to break it down this way. Number one, value of land taken, $2,548.20. Value of improvements taken, $3,359.10 that’s for a total of $5,907.30. The Court is [sic] also agrees with Mr. Buller’s severance damage estimate and will make an award of $35,299.50 for severance damages to the remainder.
The Court also agrees with Mr. Buller’s estimate |f,with the cost to cure problems created by the expropriation and will therefore make an award of $68,836.00 and the Court wishes to make it crystal clear that that is whether severance damages and cost to cure damages are two separate items or only one.
As aforesaid the Court believes that it is two separate items, but should it be deemed to be one item then the Court would make an award of $104,135.50 and that is simply by adding the $35,299.50 and $68,836.00.
We find the award of the $35,299.50 to be clearly wrong. Our examination of the record indicates that the only reason supporting an award of severance damages is the building’s increased proximity to the highway after the taking. In his testimony, Buller stated, "... [Bjased on my judgment from my sales and appraisal experiences ... if the property were to be put for sale now, with a right of way just over two feet from the overhang of the building, as well as an actual highway only 12 feet from the building, that the value of that building would depreciate by 50%, and value determined for the building before that taking was $70,599.00. So 50% depreciation was $35,299.00”.
Buller’s testimony does not support the trial court’s decision to award both cost to cure and severance damages or the total sum of $104,135.50 ($68,836.00 cost to cure and $35,299.50 severance damages). Neither does it support implementation of the cost to cure method in calculating defendants’ loss. According to Buller, the expropriation only caused damage to the Jungle building which had a value before the taking of $70,599.00. He opined that the value of the building after the taking would be $35,299.00 (50% loss in value). If this be accepted as correct then, under prevailing jurisprudence, employment of the cost to cure method is inappropriate because such method should be used only in instances where such use will decrease the severance damages which would be due under the before and after rule unless it is shown that severance damages will not adequately compensate the landowner. In the |7event of the latter, the landowner is entitled to cost to cure damages. Accepting Buller’s estimate of before value to be correct, it is obvious that the trial court’s award allows defendants a windfall. Under the trial court’s judgment, defendants would be allowed $104,135.50 for a building with a value of $70,599.00.
Our examination of the record indicates that the instant situation is a special or unique one in which the before and after method will not adequately compensate the landowners for the damage done by the expropriation. The only way to fully compensate the landowners is to use the cost to cure method. Although, according to the record, the before and after value is less than the amount to cure, we conclude that the reduction in market value will not adequately compensate the defendants. The cost to cure damages awarded, i.e., replacement of the lost parking spaces, relocation of the front entrance from the north (highway) side to the east side along with the accompanying cosmetic changes and the rearranging of the interior to accommodate the new entrance, were properly awarded to compensate the owners to the full extent of their loss as required by Article I, Section 4, supra.
Further, we conclude that any loss in value of the building by reason of its proximity to the highway right of way will be alleviated by the curative measures to be employed. The building was already close to the roadway *303 before the taking. In fact, everyone agreed that, prior to the taking, at least half of the parking spaces in front of the building encroached on the existing right of way and the cars parked in these spaces had to back into oncoming traffic upon leaving the restaurant. See DOTD v. Unverzagt, 590 So.2d 680 (La. App. 3rd Cir.1991). Expanding the east parking lot and moving the entrance of the Jungle to the east side of the building will not only replace the lost parking spaces, but also eliminate the dangerous practice |sof backing into oncoming traffic. Further, we find the difference in the building’s proximity to the roadway before and after the taking negligible. In comparison, see State, Department of Highways v. Leger, 170 So.2d 899 (La.App. 3rd Cir.1965); and, State, Department of Highways v. Johnson, 168 So.2d 389 (La.App. 3rd Cir.1964).
In sum, the cost to cure damages awarded clearly placed the owners in as good a pecuniary position as they would have been had their property not been taken. New parking places will replace those lost. They will have a safe, covered entrance leading directly into the dining area as before. The remodeling of the inside to accommodate the new entrance will result in the new dining area being the same distance from the new roadway as the old dining area was from the original roadway. We can find no adverse conditions that go uncorreeted. The law mandates no more.
Accordingly, for the reasons stated above, that portion of the trial court judgment awarding defendants $5,907.30 for the land and improvements taken and the cost to cure award of $68,836 are affirmed. The award of $35,299.50 in severance damages is reversed and set aside. Plaintiff is given full credit for the $5,917 previously deposited into the registry of the court. In all other respects, allowing for an adjustment downward of attorney’s fees in keeping with this opinion, the judgment of the trial court is affirmed. Costs of this appeal are to be borne one-half (½) by DOTD and one-half (½) by defendants.
REVERSED IN PART; AFFIRMED IN PART; AND, RENDERED.
SAUNDERS, J., dissents and assigns reasons. •
DECUIR, J., dissents for reasons assigned by SAUNDERS, J.

1. State, Dept. of Highways v. Wax, 295 So.2d 833 (La.App. 1st Cir.1974), writ denied, 299 So.2d 800, 802.