590 So.2d 680 (1991)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Plaintiff-Appellant,
v.
Emile H. UNVERZAGT and Doris C. Unverzagt, Defendants-Appellees.
No. 90-490.
Court of Appeal of Louisiana, Third Circuit.
November 13, 1991.
*681 Bernard L. Malone, Jr., Frederick J. Fuselier, Baton Rouge, for plaintiff-appellant.
Mangham, Hardy & Rolfs (Elizabeth J. Sherman), Baton Rouge, for defendants-appellees.
Before GUIDRY, DOUCET and KNOLL, JJ.
DOUCET, Judge.
This is an appeal from a verdict awarding damages incidental to an expropriation.
By order dated June 27, 1984, the State of Louisiana expropriated 778.7 square feet of land from a parcel located at the corner of Cameron Street and Evangeline Drive in Lafayette, Louisiana in furtherance of a project to widen Cameron Street. The *682 property was owned by Emile and Doris Unverzagt, who had for 18 years operated their business, Emile's Furniture Store, in the building located thereon. The expropriation removed a strip of land along the front of their building, part of which was a State-owned highway right-of-way, along with a portion of their concrete drive, thereby shortening their freight unloading zone, and necessitating the removal of their sign. The State deposited $11,357.00 into the registry of the court as its estimate of the compensation due the landowners for the taking. The Unverzagts answered the petition for expropriation and reconvened seeking additional amounts for the value of the land and improvements taken, severance damages, attorneys' and experts' fees and costs.
The matter was tried before a judge on May 23, 1989. The parties agreed on the value of the land taken and the value of the sign removed. Accordingly, the trial was limited to the value of concrete destroyed in the taking and whether the State owed severance damages. The Unverzagts asked for severance damages because, as a result of the taking, their loading dock was shortened, eliminating their ability to use it to unload the 40 foot tractor trailer trucks in which most of their stock arrived. After the taking, those trucks had to unload in the street. Additionally, they asked for severance damages for the loss of several employee parking spaces.
After hearing the testimony of Emile Unverzagt and of expert witnesses for both the State and the Unverzagts, the judge rendered judgment in favor of the Unverzagts awarding $7,787.00 as the value of the land taken; $3,300.00 as the value of the business sign; $1,000.00 as the value of the concrete removed; and severance damages in the amount of $39,500.00 representing the cost to construct a new loading dock, architect's fees and loss of building space to the new loading dock. The award was made subject to a credit for the amount previously deposited. Additionally, the court awarded legal interest from the date of the taking, attorneys' fees, expert witness fees, and costs. No award was made for the loss of parking spaces. The State appeals the award of severance damages alleging that the Unverzagts did not produce sufficient evidence to carry their burden of proof and that the amount of the severance damage was excessive and improperly calculated.

SEVERANCE DAMAGES
"Under the Louisiana Constitution of 1974, Article I, Section 4 and the Supreme Court case of State of Louisiana, through the Department of Highways v. Constant, 369 So.2d 699 (La. 1979), a landowner whose property is expropriated shall be compensated to the full extent of his loss, including any business or economic loss sustained by the property owner."
State, D. of Transp. v. Jacob, 491 So.2d 138, 140 (La.App. 3rd Cir.1986), writ denied, 496 So.2d 331 (La.1986). The Louisiana Supreme Court in State Through Dept. of Highways v. Constant, 369 So.2d 699 (La.1979) explained that the object is to place the property owner in as good a pecuniary position as he would have been in had his property not been taken. Severance damages are awarded to compensate a property owner for any decrease in the value of that part of his property which remains after a taking. Severance damages are generally measured by determining the difference in the value of the remaining property before and after the taking. State, Dept. of Highways v. Landeche, 400 So.2d 241 (La.App. 4th Cir.1981), writ denied, 406 So.2d 609 (La.1981).
In this case, the plaintiff complains that the expropriation made their loading dock too short for the unloading of the tractor-trailer trucks in which most furniture shipments arrived. However, the evidence of record shows that the loading dock area actually owned by the Unverzagts was too short for the purpose of unloading these trucks. Even before the expropriation tractor-trailer trucks could not unload at the dock without encroaching on the State's right-of-way which bordered the property. The Unverzagts would be in the same position had the State prohibited them from using the right-of-way without expropriating any property. The Unverzagts *683 were not entitled to use the right-of-way. Therefore, they are not entitled to damages for its loss. See: Skye Realty Co. v. State, Dept. of Hwys., 345 So.2d 249 (La.App. 3rd Cir.1977).
Additionally, even if they sustained a loss, the Unverzagts failed to adequately prove an economic loss. Regardless of the method used to determine severance damages, there must be a change for the worst in the pecuniary position of the property owners as a result of the taking. The burden of proving severance damages by a preponderance of the evidence rests with the property owner. Jacob, supra, Landeche, supra, Constant, supra. Severance damages represent economic losses. Inconvenience to the owner, diversion of traffic, or changes in attending circumstances are not proper elements of severance damages, unless they diminish the value of the owner's remaining property. Landeche, supra.
After reviewing the record on appeal, we conclude that the Unverzagts failed to prove any economic loss beyond the value of the property taken. The economic effect of the taking on the business was not shown. There was no evidence that the market value of the remaining property had diminished as a result of the taking. The only economic evidence concerned the cost to replace the loading dock.
Since the loss of usefulness of the loading dock is not a result of a taking, and since there was no evidence of a change in the pecuniary position of the property owners resulting from a taking, the award of severance damages is inappropriate. Accordingly, the judgment of the trial court is reversed as to the award of severance damages, expert witness fees, and deposition costs. The award of interest is amended to reflect interest from the date of the taking on $730, the amount by which the damages for the land taken exceeds the court's award therefor. The award of attorneys' fees is reduced to $182.50 in accordance with La.R.S. 48:453. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the defendants-appellees.
REVERSED IN PART; AMENDED IN PART; AND AFFIRMED IN PART.