47 So.3d 631 (2010)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT, Plaintiff-Appellant
v.
Willis Aldon EVERETT, et ux, Defendant-Appellee.
No. 45,337-CA.
Court of Appeal of Louisiana, Second Circuit.
August 25, 2010.
Rehearing Denied September 16, 2010.
Bernard L. Knobloch, Jr., Baton Rouge, LA, for Appellant.
Bobby L. Culpepper, Jonesboro, LA, for Appellee.
Before BROWN, WILLIAMS, PEATROSS, DREW and LOLLEY, JJ.
*632 WILLIAMS, J.
The petitioner, State Department of Transportation and Development ("DOTD"), appeals a judgment awarding Willis Everett and Helen Everett severance damages of $100,601 and attorney fees of $21,150.25. For the following reasons, we amend and affirm as amended.

FACTS
In July 2002, DOTD filed a petition to expropriate in full ownership a parcel of land containing 1.78 acres in Lincoln Parish, owned by Willis and Helen Everett ("the Everetts"). The petition noted that the property was being expropriated for highway purposes and that a residence was located on the property. In connection with the taking, DOTD deposited into the court registry the total amount of $295,000, representing the estimated compensation due to the Everetts for the property taken and for severance damages. The Everetts filed an answer and reconventional demand seeking additional compensation.
At trial, the only issue presented to the jury was the amount of severance damages due to the Everetts after the expropriation. In March 2009, the jury returned a verdict assessing severance damages in the amount of $100,601. Subsequently, the trial court rendered judgment awarding the Everetts severance damages of $100,601, attorney fees of $21,150.25, and expert witness fees of $6,550. DOTD appeals the judgment.

DISCUSSION
DOTD contends the trial court erred in awarding the Everetts the total amount of severance damages assessed by the jury. DOTD argues that it is liable only for the amount awarded in excess of the amount deposited for such damages in the district court registry.
Property may be taken by the state or its political subdivisions for public purposes and with just compensation paid to the owner or into the court for his benefit. In every expropriation, the owner shall be compensated to the full extent of his loss. La. Const. Art. 1, Sec. 4(B). The measure of damages, if any, to the owner's remaining property is based upon the value immediately before and after the taking. LSA-R.S. 48:453; State DOTD v. McKeithen, 42,830 (La.App.2d Cir.2/20/08), 976 So.2d 832. Severance damages are awarded to compensate a property owner for a proven decrease in the value of that part of his property which remains after a taking. State DOTD v. Unverzagt, 590 So.2d 680 (La.App. 3rd Cir.1991).
In an expropriation, the DOTD shall file a petition in the district court of the parish where the property is situated. The petition shall contain a statement of the purpose for which the property is to be expropriated and shall have annexed thereto an itemized statement of the amount of money estimated to be the full extent of the owner's loss for the taking or the damage, or both. LSA-R.S. 48:442. Upon presentation of the petition, the court shall issue an order directing that the estimated amount be deposited in the registry of the court and declaring that the property described has been taken for highway purposes. LSA-R.S. 48:444. If the amount finally awarded exceeds the amount so deposited, the court shall enter judgment against the department and in favor of the property owners for the amount of the deficiency. The judgment shall not be an in globo award, but shall list separately the amounts awarded, but not deposited, for an increase in severance damages, attorney fees and expert witness fees. LSA-R.S. 48:456.
In the present case, DOTD filed an expropriation petition in district court and *633 deposited $295,000 in the court registry as compensation for the taking of approximately 2 acres of the Everetts' property and for severance damages to the remaining property. As required by the expropriation statute, DOTD attached to its petition an itemized statement estimating the value of the land and improvements taken as $236,563 and the amount of severance damages as $58,437. After hearing the evidence at trial, the jury found that the taking caused $100,601 in severance damages to the remaining property, an award exceeding the amount previously deposited for such damages by DOTD.
The Everetts' contention that they are entitled to the entire severance damage award is not supported by the applicable statute, which expressly provides that when the amount awarded for severance damages exceeds the amount deposited, the court shall enter judgment in favor of the property owners "for the amount of the deficiency." Thus, there was no issue of a credit for the jury to consider, because pursuant to the statute the court has the responsibility to calculate the amount by which the jury's award of severance damages exceeds the amount deposited for such damages by DOTD.
As previously noted, DOTD's deposit of $295,000 into the court registry included the amount of $58,437 as severance damages. Thus, the jury's award exceeded the amount deposited by the sum of $42,164. Consequently, the trial court erred in rendering judgment for the total amount of the jury's award, rather than for the amount of the deficiency, i.e. $42,164. We shall amend the judgment accordingly.

Attorney Fees
Additionally, DOTD points out that the award of attorney fees should have been based upon the difference between the jury's award for severance damages and the amount deposited for such damages. Reasonable attorney fees may be awarded by the court if the amount of compensation deposited in the court registry is less than the compensation awarded. Such attorney fees shall not exceed 25% of the difference between the award and the amount deposited. LSA-R.S. 48:453(E).
As stated above, the difference between the jury's award of damages and the amount deposited was $42,164. Pursuant to Section 453(E), the attorney fees cannot exceed 25% of this amount. Therefore, the award of attorney fees must be reduced to the amount of $10,541.

CONCLUSION
For the foregoing reasons, the trial court's judgment is amended to reduce the award of damages to the amount of $42,164 and to reduce the award of attorney fees to the amount of $10,541. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to the appellees, Willis Everett and Helen Everett.
AMENDED AND AFFIRMED AS AMENDED.
BROWN, Chief Judge, dissents with written reasons.
DREW, J., dissents for the reasons assigned by Chief Judge BROWN.
BROWN, Chief Judge, dissenting.
I respectfully dissent. The DOTD requested a jury trial. What DOTD had deposited was an amount for the part taken and "damages," not necessarily "severance" damages. All the information was presented to the jury. DOTD did not ask for a credit or request jury interrogatories. The jury easily could have intended the amount awarded to be over what had been deposited. Anything else is simply speculation. *634 I agree with the trial court and would affirm the verdict.

APPLICATION FOR REHEARING
Before BROWN, C.J., and WILLIAMS, PEATROSS, DREW and LOLLEY, JJ.
Rehearing denied.
BROWN, C.J., and DREW, J., would grant rehearing.