# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-1062


**TRUNKLINE LNG COMPANY, LLC**

**VERSUS**

**CALCASIEU PARISH SCHOOL SYSTEM, SALES & USE TAX DEPARTMENT**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
LOUISIANA BOARD OF TAX APPEALS, NO. L00029
HONORABLE CADE R. COLE, LOCAL TAX JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders, and Phyllis M. Keaty, Judges.


**AFFIRMED.**


**Cooks, J., concurs.**

**David R. Kelly**
**David R. Cassidy**
**Nicole F. Gould Frey**
**Breazeale, Sachse & Wilson, LLP**
**P. O. Box 3197**
**Baton Rouge, LA 70821**
**(225) 387-4000**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Trunkline LNG Company, LLC**

**Russell Joseph Stutes, Jr.**
**Stutes & Lavergne, LLC**
**600 Broad Street**
**Lake Charles, LA 70601**
**(337) 433-0022**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Calcasieu Parish School System, Sales & Use Tax Department**

**SAUNDERS, Judge.**

This is a taxation case related to how large a refund the taxpayer is entitled to receive. The taxpayer was originally assessed excessively in some months, while deficiently in others. After having paid the total amount it owed according to the original audit, the taxpayer requested a refund. Although the tax collector and taxpayer agree that the taxpayer is entitled to a refund, they do not agree as to whether the taxpayer is allowed a set-off between the excessive amounts it paid in some months against the deficient amounts it paid in other months. Were the taxpayer entitled to a set-off, it would have no underpaid taxes subject to the statutorily permitted 15% interest since its payment of the amount originally assessed.

The Board of Tax Appeals (BTA) found that the taxpayer was not entitled to a set-off resulting in there being some tax periods where the taxes paid were insufficient while other periods where the taxes paid were excessive. As such, the BTA reduced the taxpayer's refund accordingly. The taxpayer appeals. We affirm.

**FACTS AND PROCEDURAL HISTORY:**

The Calcasieu Parish School Board (CPSB) conducted an audit of Trunkline LNG Co., LLC (Trunkline) for the taxable period of January 1, 2007, through December 31, 2009. As a result of that audit, Trunkline paid, without protest, $1,371,553.05 on April 30, 2013. Shortly thereafter, Trunkline alleged overpayments and filed a refund claim. Trunkline's claim for refund was denied by CPSB.

On September 4, 2014, Trunkline filed a petition with the BTA for overpayment of taxes. After reducing its claim for refund considerably prior to trial, Trunkline claimed entitlement to a refund of $99,674.73.

The BTA found that Trunkline was entitled to a refund of $14,367.59. The basis for this finding was that Trunkline's refund amount was lowered due to the interest accruing on the months that Trunkline paid insufficient taxes at a much higher rate than the interest accruing on the months that Trunkline paid excessive taxes. Trunkline appeals and asserts two assignments of error.

**ASSIGNMENTS OF ERROR:**

1. The BTA committed reversible error in ruling that interest of 15% per annum [] continued to accrue on taxes even though they had been paid.

2. The BTA abused its discretion in excluding the testimony of Johnny Bailey, a CPSB representative, who admitted Trunkline owed no additional taxes after the April 30, 2013 payment.

**ASSIGNMENT OF ERROR NUMBER ONE:**

Trunkline's first assignment of error is that the BTA erred by finding that interest continued to accrue on taxes even though those taxes had been paid. We disagree.

> A tax is not a debt in the usual and ordinary sense of that word. It is not a contract between two parties, but the imposition of a tax is the positive act of the government, binding upon the inhabitants, and does not require their individual or personal consent to enable it to be enforced. Taxes are not demands against which a set-off is admissible . . . . They are to be regarded not as a debt, but as a contribution required from the citizen for the support of government. Considerations of public policy require that a tax of one year should not be compensated by an overpayment of a previous year. The taxes of each year are laid to meet the exigencies of that year. If they could be reduced by a deduction of such sums as had been already wrongfully demanded and paid, the revenues requisite for the support of government might be diminished so largely as to occasion public detriment. But outside of this public policy, as a matter of law, taxes are not such demands as admit of a plea in compensation.

*City of New Orleans v. Davidson*, 30 La.Ann 541, 541-42 (La.1978) (citation omitted). "Before refunding any overpayment, the collector may first determine whether the taxpayer who made the overpayment owes any other liability under

2

any ordinance administered by him. If such be the case, *the collector* may credit the overpayment against such liability and notify the taxpayer of the action taken." La.R.S. 47:337.78 (emphasis added). Calcasieu Parish Tax Ordinance Section 6.01 (emphasis added) states that "[t]he taxes levied under this Ordinance shall be due and payable by all dealers *monthly* on the first day of the month."

In the case before us, the original audit by CPSB of Trunkline mistakenly assessed sales taxes with a due date for certain items on the month those items were ordered by Trunkline. On April 30, 2013, Trunkline paid an amount equal to the amount of what it believed to be all outstanding taxes due in the erroneous, original audit. Thereafter, Trunkline filed for a refund and the original audit was corrected.

The corrected audit changed the month that taxes became due to when the items ordered by Trunkline were actually received by it rather than when they were ordered. The corrected audit increased the amount of taxes due for some months, while lowering the amount of taxes due for others. The changes lowered the total amount Trunkline owed in sales taxes. Thus, the parties agree that Trunkline is owed a refund. The central issue in this case is the amount of Trunkline's refund.

CPSB contends that the 15% interest rate charged when monthly sales taxes are unpaid continued to accrue for unpaid taxes for the months that Trunkline was found to have underpaid under the corrected audit while the 2-3% interest rate accrued for the refund amount CPSB owed Trunkline for the months that it was found to have overpaid. This, according to CPSB and BTA's ruling, reduces Trunkline's refund.

Trunkline emphatically disagrees, arguing that interest could not accrue on taxes that it already paid. Trunkline contends that it already paid all of the taxes it was assessed by CPSB. This is not accurate.

3

As is clear from Calcasieu Parish Ordinance § 6.01, the tax periods are monthly. On April 30, 2013, Trunkline paid what it mistakenly believed to be all outstanding taxes due. However, after the errors in the original audit were corrected, Trunkline owed additional taxes for some months. Contrarily, Trunkline was owed a refund for excess taxes that it paid for earlier months. Trunkline's argument relies on the premise that it has the option to set-off what it owes to CPSB on later months with the overpayments it made for earlier months. Trunkline does not point to any legal basis for entitlement to set-of, nor does Louisiana law give Trunkline this option.

As such, the 15% interest rate on outstanding taxes Trunkline owes to CPSB has been running since those taxes became due. All the while, the 2-3% interest rate on the outstanding refund that CPSB owes to Trunkline has been running since the refund was owed. This is the reasoning that the BTA used, and we find no error in that reasoning. Accordingly, this assignment of error is without merit.

**ASSIGNMENT OF ERROR NUMBER TWO:**

In its second assignment of error, Trunkline asserts that the BTA abused its discretion in excluding the testimony of Johnny Bailey, a CPSB representative, who asserted that Trunkline owed no additional taxes after the April 30, 2013 payment. We find no merit to this assertion.

"The trial court has vast discretion in determining whether to exclude or allow evidence, and its decisions will not be overturned in the absence of an abuse of discretion." *Allen v. PHI, Inc.*, 15-461, p. 2 (La.App. 3 Cir. 12/9/15), 181 So.3d 890, 893 (citing *Bellsouth Telecomms., Inc. v. City of Lafayette*, 05-1478, 05-1505 (La.App. 3 Cir. 1/5/06), 919 So.2d 844).

Here, the BTA excluded the testimony of Johnny Bailey because he was not listed by Trunkline as a witness. Trunkline listed "any witness called by the

4

opposing party" in the pretrial order. Bailey was on CPSB's witness list in the pretrial order, but CPSB did not call him as a witness. When Trunkline attempted to call Bailey as a witness, CPSB objected because he did not appear on Trunkline's witness list. The BTA excluded Bailey's testimony but Trunkline proffered that testimony.

Trunkline argues that excluding Bailey's testimony caused it to suffer manifest prejudice because Bailey would testify that it did not owe any taxes after its payment on April 30, 2013. We do not agree.

An employee's opinion as to whether taxes are owed is not binding on the entity charged with collecting taxes unless collecting those taxes would cause a manifest injustice to the taxpayer. *See Showboat Star Partnership v. Slaughter*, 00-1227 (La. 4/3/01), 789 So.2d 554. In *Showboat*, our supreme court ruled that a written statement by a Department of Revenue official stating that certain property was exempt from sales tax was not binding on the Department absent manifest prejudice. As stated in *Showboat*, "no detriment is incurred when the party's only injury is that it must pay taxes legitimately owed under the correct interpretation of the law." *Id.*, at 563(quoting *Valencia Energy Co. v. Arizona Dep't of Revenue*, 191 Ariz. 565, 959 P.2d 1256, 1268-69 (1998)).

Here, we have found that the correct interpretation of the law occurred in this case. We also find that Trunkline did not suffer manifest injustice by the BTA excluding Bailey's testimony. Further, Bailey's opinion that Trunkline owed no taxes after April 30, 2013, is not binding on CPSB. Accordingly, this assignment of error is without merit. The BTA did not abuse its vast discretion in excluding Bailey's testimony.

5

## CONCLUSION:

Appellant, Trunkline LNG Co., LLC, raises two assignments of error. We find no merit in either assignment. Accordingly, we affirm the judgment and assess all costs of these proceedings to Trunkline LNG, Co., LLC.

**AFFIRMED.**