# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-721


**STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT**

**VERSUS**

**KERRY LANE MOREAU**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2011-07407
HONORABLE KERRY L. SPRUILL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion.


**REVERSED, IN PART; AFFIRMED, IN PART.**

**Jerold Edward Knoll**
**Laura B. Knoll**
**The Knoll Law Firm, LLC**
**P. O. Box 426**
**Marksville, La 71351**
**(318) 253-6200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Kerry Lane Moreau**

**J. Ryan Vivian**
**Andrew Gates Barry**
**Jonathan C. Augustine**
**Office of the General Counsel, DOTD**
**P. O. Box 94245**
**Baton Rouge, LA 70804-9245**
**(225) 242-4671**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **State of Louisiana, Department of Transportation & Development**

**SAUNDERS, Judge.**

This is an expropriation case instituted by the State Department of Transportation and Development to acquire a large frontal portion of a citizen's property in order to expand Louisiana Highway 1 from Mansura to Marksville. The State deposited what it felt was just compensation into the registry of the court. The citizen, after a jury trial, was awarded more than the amount deposited by the State. The State appeals the jury's verdict.

**FACTUAL AND PROCEDURAL HISTORY:**

Defendant, Kerry Lane Moreau ("Moreau") owns 1.653 acres located at 7053 Highway 1 in Avoyelles Parish, Louisiana. After purchasing the property in 1992, he constructed a convenience store with gas pumps. Behind the convenience store, Moreau erected eighty-four to eighty-six mini-storage units to maximize the full use of his property. Moreau has continually operated these businesses since 1992.

In the fall of 2011, pursuant to a plan to expand State Route LA 1, The State of Louisiana, Department of Transportation and Development ("DOTD") proposed to expropriate a portion of Moreau's property totaling 0.183 acres in full ownership and 0.131 acres in temporary servitude. DOTD utilized the services of Michael Allen Graham, Jack Green, Jr., John David Mowad, and Jody Morvant to estimate the just compensation for the partial taking of Moreau's property. Subsequently, DOTD attempted to negotiate with Moreau for the purchase of Parcels 1-11 and 11-1-C-1 bordering his property.

The negotiations failed because Moreau demanded additional compensation of $805,278.00 for the partial taking because the taking forced elimination of fueling operations from his property, rendering the property unfit for its intended use. This figure included the value of the land and improvements, in part, taken, severance

damages to the remainder, cost to cure, and lost earnings. It did not, however, include a claim for relocation costs, nor for damages pursuant thereto.

Consequently, DOTD filed a petition for expropriation seeking judgment declaring the proposed portion of Moreau's property expropriated. In conjunction with the filing of the petition, DOTD deposited $672,268.00 into the registry of the court as an estimate of compensation.

Pursuant to the court's scheduling order and consent judgment, pretrial memoranda, including jury instructions, were submitted by the parties. Moreau also filed an amended pretrial memorandum. Neither of Moreau's submissions included a proposed jury instruction regarding relocation or relocation damages. On the morning of the trial, Moreau submitted a new proposed jury instruction regarding relocation and relocation damages. Over DOTD's objection, the trial court accepted the new instruction.

While the matter was pending, in an effort to mitigate his damages as a result of the taking, Moreau was forced to convert his convenience store into a package liquor store. At trial, Moreau's financial expert, Patrick Lacour, opined that a package liquor store is a much less desirable business and is much less marketable to outside purchasers. Moreover, Moreau's relocation expert, Ronnie Rabalais, opined that the total replacement cost to move Moreau's business and reestablish it at another location, including land value taken from one of DOTD's appraiser's reports, would be $1,097,090.00. This figure was the only figure adduced at trial by any expert regarding the cost of relocation.

When Moreau rested, DOTD moved for a directed verdict pursuant to La.Code Civ. P. art. 1810. The trial court denied this motion.

At the conclusion of the jury trial, the jury returned a unanimous verdict in favor of Moreau in the amount of $972,628.00 as just compensation while leaving

the alternative award portion blank. The trial court then sent the jury back into deliberations in order to fill in each blank on the form. The jury then returned a verdict awarding Moreau the alternative award of $1,197,090.00 as relocation damages. The trial court granted Moreau a judgment reflecting the jury's verdict. It is from this judgment that DOTD appeals and presents four issues for review.

## ISSUES PRESENTED FOR REVIEW:

1. Whether a claim for relocation damages may be presented to the jury when the claim is not properly plead or asserted.

2. Whether a landowner is entitled to increased just compensation when he fails to meet his burden of proof by failing to present any competent evidence or expert testimony to establish the value of the land taken or severance damages to the land remaining in excess of the amount deposited.

3. Whether the jury abused its discretion when it entered a verdict that is not supported [by] the evidence and is contrary to law.

4. Whether a signed jury verdict form and/or judgment are valid when alternative damages are awarded with no clarity as to which remedy prevails or which is ordered to be paid.

## ISSUE PRESENTED FOR REVIEW NUMBER ONE:

In its first issue presented for review, DOTD contends that the trial court erred by allowing Moreau's relocation claim to be presented to the jury when the claim was not properly pled or asserted. We agree.

The trial court has vast discretion in determining whether to exclude or allow evidence, and its decisions will not be overturned in the absence of an abuse of discretion. *Trunkline LNG Co., LLC v. Calcasieu Parish School System*, 15-1062 (La.App. 3 Cir. 4/13/16), 190 So.3d 457, *writ denied*, 16-919 (La. 9/6/16), 205 So.3d 919.

In *Gutierrez v. Baldridge*, 10-1528, p. 5 (La.App. 3 Cir. 5/11/11), 65 So.3d 251, 254 (citations omitted), *writ denied*, 11-1589 (La. 10/7/11), 71 So.3d 319, citing La.Code Civ.P.art. 1551(emphasis added), this court stated, "[a] court that holds

3

such a conference must render an order memorializing the actions taken at the conference. *Id.* That order 'controls the subsequent course of the action, *unless modified at the trial to prevent manifest injustice.*"

"In deciding whether to modify a pretrial order, a trial court must be ever mindful of the fact that the objective of our legal system is to render justice between the litigants upon the merits of the controversy rather than to defeat justice upon the basis of technicalities." *McDuffie v. ACandS, Inc.*, 00-2779, p. 2 (La.App. 4 Cir. 2/14/01), 781 So.2d 628, 631 (citing *Naylor v. Louisiana Dept. of Public Highways*, 423 So.2d 674 (La.App. 1 Cir.1982), *writ denied*, 427 So.2d 439 (La.1983), and *writ denied*, 429 So.2d 127 (La.1983) and *writ denied*, 429 So.2d 134 (La.1983)).

In the instant matter, DOTD expropriated a portion of Moreau's property against his will in exchange for what Moreau deemed was insufficient "just compensation," as the taking forced elimination of his fueling stations, which, in turn, displaced his business. On the day of the trial, Moreau asserted a relocation claim, which had not previously been pled.

After agreement between the parties, the trial court modified the pre-trial order by providing in the jury verdict form alternative verdicts: one for just compensation damages for the part taken, or, in the alternative, one for relocation damages, if the jury deemed it appropriate. As such, the trial court found that Moreau had a right to pursue the claim for relocation as an alternative award to just compensation under the typical expropriation laws. However, the trial court refused to allow DOTD's expert rebuttal witness to testify against the relocation claim.

In sum, the defendant was allowed to ambush the plaintiff with an entirely new theory of recovery and allowed to present new evidence in support of that theory, even though this evidence had not been approved in the pretrial order, and the trial court prohibited the entrance of new evidence in opposition to that theory.

Given the above, we find that the trial court abused its discretion to modify the pretrial order to provide for an alternative award for relocation damages. In addition, we find an abuse of discretion in allowing Moreau's expert to testify in support thereof, but not allowing DOTD's expert to rebut that testimony. Accordingly, we find merit in this issue presented for review, and we reverse the trial court's modification of the pretrial order and the jury's award of relocation damages.

This finding renders moot several errors alleged by DOTD.

## ISSUE PRESENTED FOR REVIEW NUMBER TWO:

In its second issue, DOTD contends that Moreau failed to meet his burden of proof that he is entitled to increased just compensation by failing to present any competent evidence or expert testimony to establish the value of the land taken or severance damages to the land remaining in excess of the amount deposited. As such, DOTD alleges that the trial court erred in denial of its motion for directed verdict on this issue. We disagree.

> A trial court has much discretion in determining whether[] to grant a motion for directed verdict. A motion for directed verdict is appropriately granted in a jury trial when, after considering all evidentiary inferences in the light most favorable to the movant's opponent, it is clear that the facts and inferences are so overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict. However, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might reach different conclusions, the motion should be denied, and the case submitted to the jury.

> On appeal, the standard of review for directed verdicts is whether, viewing the evidence submitted, the appellate court concludes that reasonable people could not reach a contrary verdict. Furthermore, the propriety of a directed verdict must be evaluated in light of the substantive law underpinning the plaintiff's claims.

*Hebert v. BellSouth Telecommunications, Inc.*, 01-223, pp. 4–5 (La.App. 3 Cir. 6/6/01), 787 So.2d 614, 617, *writ denied*, 01-1943 (La.10/26/01), 799 So.2d 1145

(quoting *Busby v. St. Paul Insurance Co.*, 95-2128, pp. 16-17 (La.App. 1 Cir. 5/10/96); 673 So.2d 320, 331, *writ denied*, 96-1519 (La.9/20/96); 679 So.2d 443) (citations omitted).

> The owner of expropriated property must prove by a preponderance of evidence a business loss due to the expropriation to be compensated for the loss. Additionally, the fact finder's determination as to the amount of business loss due to an expropriation is a factual determination subject to the manifest error standard of review.

*State, Dep't. of Transp. & Dev. v. G & B Oil Products, Inc.*, 99-1248, p. 3 (La.App. 3 Cir. 6/21/00), 762 So.2d 1123, 1125 (citations omitted).

> The weight to be given to expert testimony is determined by the trier of fact based on the professional qualifications and experience of the expert, the facts and studies upon which his opinion is based, his familiarity with the locality of the property involved, and the possible bias of the witness in favor of the side for whom he testifies. Where the experts disagree as to the value of the land taken, the trial court has much discretion in evaluating and determining the weight to be given to each expert. However, the court's prerogative to weigh varying expert testimony and to reach a value that does not coincide with the testimony of any expert witness may be exercised only when there is evidence in the record to reasonably support the court's valuation.

*W. Jefferson Levee Dist. v. Coast Quality Constr. Corp.*, 93-1718 (La. 5/23/94), 640 So.2d 1258, 1277 (citations omitted).

In making its unanimous determination that DOTD essentially fell short of justly compensating Moreau by $300,000.00, the jury considered the following:

(1) Several different appraisal reports submitted by DOTD with vastly divergent "just compensation" amounts;

(2) A snapshot of the coercive measures practiced by the DOTD in the early negotiation stages before litigation commenced wherein DOTD offered Moreau $790,000.00 as a "take it" or "leave it" measure of just compensation;

(3) DOTD's partial taking completely uprooted Moreau's business, took his fuel pumps, and diminished his livelihood and business endeavor that he had worked for almost [forty] years to attain.

6

In making its determination that Moreau was entitled to an award of $972,268.00, the jury considered the testimony of Moreau's expert, Ronnie Rabalais, who testified that DOTD's proposed reconstruction plan to reestablish fueling operations on the property would not be approved due to the Marksville Airport Zoning Ordinance, and that Moreau would, therefore, never be able to reestablish fueling operations on the property to the extent he enjoyed prior to the taking. Thus, according to Rabalais, just compensation amounted to a figure over 1.1 million dollars. Contrarily, DOTD submitted expert opinions asserting that the figure deposited by the DOTD was just compensation.

Given the directives above, we find that the amount the jury awarded for the value of the land taken, $300,000.00, the amount of severance damages, $200,000.00, and the amount of business and/or economic losses, $472,268.00, is reasonably supported by the evidence in the record. Thus, DOTD's motion for directed verdict was properly denied. Moreover, it was left to the jury to give effect to the experts' testimonies. It chose to award an amount between the amounts suggested by conflicting expert testimony. There is no manifest error in doing so given the status of the record. Accordingly, we find no merit to this issue presented.

**ISSUE PRESENTED FOR REVIEW NUMBER THREE:**

In its third issue presented for review, DOTD contends that the jury abused its discretion when it entered a verdict that is not supported by the evidence and is contrary to law. DOTD presented this issue to the trial court in the context of a motion for judgment notwithstanding the verdict, or, in the alternative, motion for new trial. We disagree.

> A motion for JNOV should be denied if there is evidence opposed to the motion of such quality and weight that reasonable persons in the exercise of impartial judgment might reach different conclusions. In making this determination, all reasonable inferences or factual questions should be resolved in favor of the non-moving party. The

rigorous standard for granting a motion for JNOV is based on the principle that "[w]hen there is a jury, the jury is the trier of fact." A motion for JNOV should be granted only when the evidence points so strongly in favor of the moving party such that reasonable men could not reach different conclusions.

*Guillory v. Progressive Ins. Co.*, 12-1284, pps. 10-11 (La.App. 3 Cir. 7/3/13), 117 So.3d 318, 326 (citations omitted).

In *Perkins v. Guidry*, 15-1177, p.3 (La.App. 3 Cir. 5/4/16), 191 So.3d 1182, 1186 (citations omitted), this court noted:

An appellate court, in reviewing a [factfinder's] factual conclusions, must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusion, and the finding must be clearly wrong. This test requires a reviewing court to do more than simply review the record for some evidence, which supports or controverts the trial court's finding. The court must review the entire record to determine whether the trial court's finding was clearly wrong or manifestly erroneous. The issue to be resolved on review is not whether the jury was right or wrong, but whether the [factfinder's][ ][ ] conclusion was a reasonable one.

Louisiana Constitution Article I, § 4(B)(1) permits the State to "expropriate" or take property owned by private citizens for a public purpose, but only if just compensation is paid to the owner to the full extent of his loss, including any business or economic loss sustained by the property owner. Louisiana Constitution Article I § 4(B)(5) also provides that upon such a taking, the property owner has the right to have a jury determine compensation for the "fair market value" of the property taken. Fair market value is defined as "the price for which the property could be sold by a willing and informed seller to a willing and informed buyer in the condition in which it stood, as well as under the usual circumstances existing at the time of expropriation." La.R.S. 47:2321.

When the State takes only part of the property, the measure of damages to the owner's remaining property is based upon the value immediately before and after the taking. La.R.S. 48:453. Severance damages are awarded to compensate a

8

property owner for a proven decrease in the value of that part of his property which remains after a taking. *State DOTD v. Unverzagt*, 590 So.2d 680 (La.App. 3 Cir.1991).

As stated in ISSUE PRESENTED FOR REVIEW NUMBER TWO, Moreau presented evidence that indicated an increase in just compensation was warranted. The record includes the testimony of expert witnesses, Ronnie Rabalais and Jack Green, as to the value of the part taken, severance damages to the remainder, and economic loss. Rabalais testified that DOTD's proposed reconstruction plan would not be approved due to the Marksville Municipal Airport Zoning Ordinance. Therefore, Moreau would never be able to reestablish fueling operations on the property to the extent he enjoyed prior to the taking.

Further, DOTD's own cost expert, Jack Green, stated:

Q.     [Y]ou said specifically after acquisition the convenient store will no longer be able to sale [sic] gas[,] the intended use of the structure[. Y]ou knew at that time[,] sir[,] the intended use of that structure was a c-store with gas outlet, correct?

A.     Correct.

Q.     Okay, and it was your firm opinion in 2011 that after acquisition, this convenient store would no longer be able to [sell] gas, correct?

A.     Yes[,] sir.

Q.     . . . at that time when you were looking at it one of the things you said look, since we can't have a convenient store with gas, my proposal to you sir is sir, Mr. Moreau is I think you ought to go ahead and take the building itself and convert that into a climate controlled storage building, is that correct?

A.     That was the suggestion.

This testimony from DOTD's expert can reasonably be found to establish that the partial taking completely eliminated the intended use of the property, a convenience store selling gasoline.

At the conclusion of the trial, the jury was instructed to consider each expert opinion received into evidence, and to give it such weight as they thought it deserved. Further, the jury was instructed that they were not bound by an expert's opinion and that they were to weigh the testimony of an expert in the same manner as they would the testimony of any other witness. The jury was also instructed that they could disregard an expert's opinion should they decide that it was not based on sufficient education, experience, or fact, and that they may disregard an expert's opinion entirely should they conclude that the reasons given in support of the opinion were not sound, or if they felt that it was outweighed by other evidence. These are all proper jury instructions.

However, after a thorough review of the record, we find that the jury was properly instructed, the record supports a finding that the partial taking completely eliminated the intended use of the property, and the trial court properly denied DOTD's JNOV and motion for new trial. The jury was presented with sufficient evidence to support a verdict in favor of Moreau for $972,268.00. Accordingly, we find no merit to this issue presented for review.

**ISSUE PRESENTED FOR REVIEW NUMBER FOUR:**

In its fourth issue presented for review, DOTD contends that the signed jury verdict and/or judgment are invalid when alternative damages are awarded with no clarity as to which remedy prevails or which is ordered to be paid. We disagree.

"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." La.Code Civ.P.art. 2164. The judgment rendered clearly indicates that the jury found $672,628.00 insufficient to justly compensate Moreau. We reversed the alternative award rendered by the jury after improperly being presented a relocation claim. Thus, after this opinion is rendered, DOTD is left with no possibility of confusion as to the result of this case. The proper judgment

10

rendered by the jury found that Moreau proved entitlement to just compensation in the amount of $972,628.00. Further, the jury verdict form issue was rendered moot by our previous determinations that the claim for relocation damages was not properly before the jury, and the just compensation issue was rendered moot by our prior discussion thereon.

## CONCLUSION:

The State through the Department of Transportation and Development presents four issues for review. We find merit to one of the issues raised and reverse the jury's award of relocation damages in the amount of $1,197,090.00 to Kerry Lane Moreau. We assess all costs of these proceedings to the Department of Transportation and Development in the amount of $34,217.63.

**REVERSED, IN PART; AFFIRMED, IN PART.**